UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD FRIEDMAN, Individually and On Behalf of All Others Similarly Situated, | Civil Action No. _____ |
| Plaintiffs, | ECF Case |
| v. | |
| CHAMPION AUTO LOAN, | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| Defendant. | |

## <u>INTRODUCTION</u>

1.      Todd Friedman (referred to individually as "Todd" and "Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Champion Auto Loan ("Defendant"), and its related entities, subsidiaries and agents in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.      The TCPA was designed to prevent calls and text messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.      In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that

might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102-243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.      Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction because this case arises out of violations of federal law.  *See* 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendant is located and conducts business in this judicial district and because a substantial part of the act and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7.      Plaintiff Todd Friedman is, and at all times mentioned herein was, an individual and citizen of the State of California.

8.      Upon information and belief, Champion Auto Loan, is and was at all relevant times a business entity duly formed under the laws of the State of Nassau with a place of business located at 25 Jericho Turnpike, Floral Park, New York 11001.  Defendant is and at all relevant times mentioned herein a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9.      Sometime prior to March 29, 2015, Plaintiff was assigned, and became the owner of a cellular telephone number from his wireless provider.

10.      Plaintiff received an unwanted and unsolicited commercial text message containing a marketing notification.

11.      Specifically, on March 29 2015, Plaintiff received a text message from Defendant, which was sent to his cellular phone ending in 9293. The message was sent to the Plaintiff from a phone number including but not limited to (415) 851-1897 and indicated as follows:

> Tim, you have been
> Okayed For Auto
> Loan upto $10k With
> 0 Down. For
> Approval Tap On
> Approval Link –
> http://zzb.bz/q61ZN

*See* Exhibit A

12.      Upon clicking on the hyperlink, the Plaintiff's cellular phone's web browser opened to the Defendant's webpage wherein the Defendant requested identifying personal information for a purported car loan application. *See* Exhibit B.

13.     This text message sent to Plaintiff's cellular telephone was sent via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227(a)(1), which is prohibited by 47 U.S.C. § 227(b)(1)(A).

14.     The telephone number that Defendant, or its agent, sent its unsolicited text message was assigned to a cellular telephone service for which the Plaintiff incurred charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15.     Thus, this unsolicited text message sent to Plaintiff's cellular phone were sent not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16.     At no time, including as of March 29, 2015, did Plaintiff provide Defendant with prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227(b)(1)(A).

17.     These unsolicited commercial text sent to Plaintiff's cellular phone by Defendant or its agents were therefore in violation of 47 U.S.C. § 227(b)(1).

<u>CLASS ACTION ALLEGATIONS</u>

18.     Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("the Class").

19.     Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or their agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filing of the Complaint.

20.     Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

21.     Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and text messages, thereby causing Plaintiff and the Class

members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

22.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agent's records.

24.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

1.  Whether, within the four years prior to the filing of the Complaint, Defendants or their agents sent any text messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

2.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

3.  Whether Defendant should be enjoined from engaging in such conduct in the future.

25.     As persons who received at least one marketing and/or promotional text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.

Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few if any Class members could afford to seek legal redress for the wrongs complained of herein.

27.     Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

28.     A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

29.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I

#### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
#### 47 U.S.C. § 227 *ET SEQ.*

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

33.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

34.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

37.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on Plaintiff's own behalf and on behalf of the Class members, respectfully pray for the following relief:

a.  On the First Count for Negligent Violations of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member $500.00 in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and (iii) any other relief the Court may deem just and proper; and

b. On the Second Count for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §227 *et seq.*, Plaintiff seeks: (i) for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself, and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

Date:   New York, New York
        August 8, 2016

PARIS ACKERMAN & SCHMIERER LLP

By:   _____
      Ross H. Schmierer, Esq.
      1200 Avenue of the Americas, 3rd Floor
      New York, NY 10036
      (T): (212) 354-0030
      (F): (973) 629-1246
      ross@paslawfirm.com

*Attorneys for Plaintiff*
*Todd Friedman, Individually and on Behalf of All*
*Others Similarly Situated*